James H. Boyer v. Commissioner.
Boyer v. Commissioner
Docket No. 43866.
United States Tax Court
T.C. Memo 1958-172; 1958 Tax Ct. Memo LEXIS 50; 17 T.C.M. (CCH) 860; T.C.M. (RIA) 58172; September 19, 1958
*50 Conley G. Wilkerson, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion LEMIRE, Judge: This proceeding involves deficiencies in income tax and additions to the tax as follows: Additions to the tax
Year
Income tax
Sec. 293(b)
Sec. 294(d)
1942
$ 3,309.90
$1,789.20
1946
17,363.56
8,681.78
$1,032.88
1947
17,276.42
8,638.21
994.23
1948
3,486.07
1,743.04
169.57
1950
320.20
160.10
The issues are: (1) Whether the assessment and collection of any deficiencies are barred by the statute of limitations. (2) Whether the returns of petitioner for the respective taxable years involved were false and fraudulent with intent to evade tax, and whether any part of any deficiency is due to fraud with intent to evade tax. There was no appearance on behalf of petitioner. On motion of the respondent the Court granted judgment as to the deficiencies in income tax and for the additions to the tax under section 294(d), I.R.C. of 1939. Findings of Fact The stipulated facts are found accordingly. Petitioner is an individual. His returns for each of the years involved were filed with the collector of internal *51 revenue at Parkersburg, West Virginia. During all the years in question petitioner was engaged in the amusement machine business. In 1947, petitioner purchased and operated a machine business. Petitioner also engaged in various phases of gambling. The petitioner did not keep adequate books and records from which his true net income could be determined, and the respondent determined his income by the use of the net worth method. The parties have stipulated that the net worth statement upon which the deficiencies were determined correctly reflects the net income of the petitioner for the respective taxable years involved. A summary of the net worth statement, exhibit A to the stipulation, discloses the amounts of reported income and the amount of omitted income to be as follows: Reported
Omitted
Year
Income
Income
1942
$4,541.11
$10,731.58
1946
5,215.13
35,140.68
1947
4,981.15
34,977.63
1948
5,728.62
10,915.83
1950
4,271.63
1,388.38
On March 6, 1953, in the United States District Court for the Northern District of West Virginia, petitioner was found guilty of wilfully attempting to evade the payment of his income tax for the years 1946, *52 1947, and 1948, by filing false and fraudulent income tax returns. Petitioner was sentenced to a prison term of three years and to pay a fine of $9,000. The returns filed by petitioner for the years 1942, 1946, 1947, 1948, and 1950, were false and fraudulent with intent to evade tax and a part of each deficiency for such years was due to fraud with intent to evade tax. Opinion Petitioner having stipulated the correctness of the respondent's net worth statement, the issue for decision is whether the respondent has established fraud by clear and convincing evidence. The evidence shows that petitioner failed to keep proper and adequate records from which his correct income could be determined. The revenue agent who made an investigation of petitioner's returns testified that the petitioner admitted the understatements of income as disclosed by the net worth statement, and that they resulted from his failure to report his gambling winnings. The record further shows that upon a plea of not guilty petitioner was convicted of attempting to defeat and evade his income taxes for the years 1946, 1947, and 1948, by filing false and fraudulent income tax returns. The understatement *53 of income as shown by the net worth computation was substantial in each of the taxable years involved. Petitioner has offered no explanation for his failure to report his true income. Upon consideration of the entire record and the normal and rational inferences flowing from the facts presented, we conclude that the respondent has shown by clear and convincing evidence that petitioner filed false and fraudulent returns for each of the taxable years with intent to evade tax, and a part of each deficiency was due to fraud with intent to evade tax and we have so found as a fact. So holding, the statute of limitations does not bar the respondent's action. Decision will be entered for the respondent.